RICHARDSON, Judge: The involved merchandise consists of woven fabrics of wool, which were exported from Scotland and England and entered at Cincinnati, Ohio. The merchandise is covered by nine reappraisement appeals, which were consolidated for trial. These appeals were submitted for decision upon a stipulation reading as follows:

MR. TOMPKINS: I offer to stipulate that the merchandise on the invoices before the court consists of woven fabrics of wool imported from Scotland during the period from January 1961 through August 1961, and not on the final list, T.D. 54521.

I further offer to stipulate that on the dates of exportation the export values, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, were the invoiced unit prices less 3¾ percent, plus the cases or packing as invoiced, prorated.

MR. O'HARA: I have discussed these cases with Deputy Appraiser Jedlicka and with his concurrence we so stipulated.

On the agreed facts, I find that export value, as that value is defined in 19 U.S.C.A., section 1401a(b) (section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956), is the proper basis for the determination of the value of the merchandise covered by the reappraisement appeals, enumerated in the attached schedule, and that such values are the invoice unit prices, less 3¾ per centum, plus the cases or packing, as invoiced, prorated.

Judgment will be entered accordingly.

<hr>

(Reap. Dec. 10412)

HENRY A. WESS, INC. v. UNITED STATES

Entry No. 601.

(Decided January 2, 1963)

*Tompkins & Tompkins* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

RICHARDSON, Judge: The merchandise which is the subject of reappraisement appeal consists of coal-tar dyes that were exported from England and entered at Cincinnati, Ohio. The appeal was submitted for decision upon a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff, and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that the merchandise under appeal consists of Bromo Cresol Green and Bromo Thymol Blue which are coal tar colors and

subject to valuation upon the basis of American Selling Prices as set forth in Section 402(e), Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

That at the time of exportation the said American Selling Prices for said coal tar colors were as follows:

| Item | American Selling Price (U.S. Dollars) per 25 grams, packed |
|---|---|
| Bromo Cresol Green | $49.00 less 40%, less 1% |
| Bromo Thymol Blue | $24.75 less 40%, less 1% |

On the agreed facts, I find that American selling price, as that value is defined in 19 U.S.C.A., section 1401a(e) (section 402(e), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956), is the proper basis for the determination of the value of the involved merchandise and that, at the time of exportation of such merchandise, said price for Bromo Cresol Green was $49 per 25 grams, packed, less 40 per centum, less 1 per centum, and for Bromo Thymol Blue said price was $24.75 per 25 grams, packed, less 40 per centum, less 1 per centum.

Judgment will be entered accordingly.